IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JOLLY JAY MITCHELL, #R47421, ) | |
| ) | |
| Plaintiff, ) | |
| vs. ) | Case No. 20-cv-00790-MAB |
| ) | |
| OFFICER CRAWFORD, ) | |
| ) | |
| Defendant. ) | |

# MEMORANDUM AND ORDER

**BEATTY, Magistrate Judge:**

Plaintiff Jolly Jay Mitchell, an inmate of the Illinois Department of Corrections, filed this action pursuant to 42 U.S.C. § 1983 for an alleged violation of the Eighth Amendment that occurred while he was incarcerated at Lawrence Correctional Center. He asserts a claim of excessive force and seeks monetary damages. (Doc. 1).

This case is now before the Court for preliminary review of the Complaint under 28 U.S.C. § 1915A, which requires the Court to screen prisoner Complaints to filter out nonmeritorious claims. 28 U.S.C. § 1915A(a).[1] Any portion of the Complaint that is legally frivolous, malicious, fails to state a claim for relief, or requests money damages from an immune defendant must be dismissed. 28 U.S.C. § 1915A(b).

## THE COMPLAINT

Plaintiff makes the following allegations in his Complaint (Doc. 1): Correctional

---

[1] The Court has jurisdiction to screen Plaintiff's Complaint in light of his consent to the full jurisdiction of a Magistrate Judge and the Illinois Department of Corrections' limited consent to the exercise of Magistrate Judge jurisdiction, as set forth in the Memorandum of Understanding between the Illinois Department of Corrections and this Court.

Officer Crawford took Plaintiff out of his cell and told him he was going to yard. Instead, Crawford took him to the middle shower and threw him on the floor. Crawford then hit Plaintiff three times on the right side of his face causing serious injury.

Based on the allegations in the Complaint, the Court designates a single Count in this *pro se* action:

> Count 1: Eighth Amendment excessive force claim against Officer Crawford for throwing Plaintiff to the floor and striking him in the face multiple times.

The parties and the Court will use this designation in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. Any other claim that is mentioned in the Complaint but not addressed in this Order should be considered dismissed without prejudice as inadequately pled under the *Twombly* pleading standard.[2] *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (an action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim that is plausible on its face.").

## DISCUSSION

The Eighth Amendment protects prisoners from being subjected to cruel and unusual punishment. *Brown v. Budz*, 398 F.3d 904, 909 (7th Cir. 2005). "Correctional officers violate the Eighth Amendment when they use force not in a good faith effort to maintain or restore discipline, but maliciously and sadistically for the very purpose of

---

[2] Plaintiff attached grievances as exhibits in which he complains about individuals who are not named as defendants. Claims against any individuals not identified as defendants in the case caption are dismissed without prejudice. *Myles v. United States*, 416 F.3d 551, 551–52 (7th Cir. 2005) (holding that to be properly considered a party, a defendant must be specified in the caption).

causing harm." *Wilborn v. Ealey*, 881 F.3d 998, 1006 (7th Cir. 2018) (internal citations and quotation marks omitted). Plaintiff's Complaint includes sufficient allegations to proceed on the excessive force claim in Count 1 against Officer Crawford.

## MOTION FOR RECRUITMENT OF COUNSEL

Civil litigants do not have a constitutional or statutory right to counsel. *Pruitt v. Mote*, 503 F.3d 647, 649 (7th Cir. 2007). A district court considering an indigent plaintiff's request for counsel must first consider whether the plaintiff has made reasonable attempts to secure counsel on his own or been effectively precluded from doing so; and, if so, whether the difficulty of the case factually and legally exceeds his capacity as a layperson to present it. *Id.* at 654-655. The first prong of the analysis is a threshold question. If a plaintiff has not made a reasonable attempt to obtain counsel on his own, the court should deny the request. *Id.* at 655. If a plaintiff has not made a reasonable attempt to obtain counsel on his own, the court should deny the request. *Id.* at 655.

Here, Plaintiff discloses no efforts to locate counsel on his own and, therefore, he has not met his threshold burden. Therefore, after consideration of the *Pruitt* factors, the Motion for Recruitment of Counsel (Doc. 12) is denied. Plaintiff may renew his request for counsel at any time during the pending action, after first attempting to locate counsel on his own. If Plaintiff does renew his request, he should **attach rejection letters from at least 3 attorneys** to demonstrate that he has made reasonable efforts to obtain counsel on his own.

## DISPOSITION

Count 1 will proceed against Officer Crawford. The Clerk of Court shall prepare for Officer Crawford: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the Complaint, and this Memorandum and Order to Defendant's place of employment as identified by Plaintiff. If Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on the Defendant, and the Court will require the Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

If Defendant cannot be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk and shall not be maintained in the court file or disclosed by the Clerk.

Defendant is **ORDERED** to timely file an appropriate responsive pleading to the Complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g). Pursuant to Administrative Order No. 244, Defendant need only respond to the issues stated in this Merit Review Order.

The Motion for Recruitment of Counsel (Doc. 12) is **DENIED**.

Plaintiff is **ADVISED** that if judgment is rendered against him and the judgment

includes the payment of costs under 28 U.S.C. §1915, he will be required to pay the full amount of the costs, regardless of whether his application to proceed *in forma pauperis* is granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is further **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and the opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* Fed. R. Civ. P. 41(b).

IT IS SO ORDERED.

DATED: October 6, 2020

/s/ Mark A. Beatty
MARK A. BEATTY
**United States Magistrate Judge**

### Notice to Plaintiff

The Court will take the necessary steps to notify the Defendant of your lawsuit and serve him with a copy of your Complaint. After service has been achieved, Defendant will enter an appearance and file an Answer to your Complaint. It will likely take at least **60 days** from the date of this Order to receive the Defendant's Answer, but it is entirely possible that it will take **90 days** or more. When Defendant has filed his Answer, the Court will enter a Scheduling Order containing important information on deadlines, discovery, and procedures. Plaintiff is advised to wait until counsel has appeared for Defendant before filing any motions, to give the Defendant notice and an opportunity to respond to those motions. Motions filed before Defendant's counsel has filed an appearance will generally be denied as premature. Plaintiff need not submit any evidence to the Court at this time, unless specifically directed to do so.