IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JOLLY JAY MITCHELL, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   Case No.   20-cv-790-RJD |
| | ) |
| OFFICER CRAWFORD, | ) |
| | ) |
| Defendant. | ) |

**ORDER**

**DALY, Magistrate Judge:**

Plaintiff Jolly Jay Mitchell, an inmate in the custody of the Illinois Department of Corrections ("IDOC"), filed this lawsuit pursuant to 42 U.S.C. § 1983 alleging his constitutional rights were violated while he was incarcerated at Lawrence Correctional Center. In his complaint, Plaintiff alleges that on December 28, 2018, Defendant Crawford escorted Plaintiff from his cell and told him he was going to yard. However, instead of taking Plaintiff to yard, he alleges Defendant Crawford took him to the showers and threw him to the floor. Plaintiff asserts Defendant Crawford hit him three times on the right side of his face causing serious injury. Plaintiff proceeds in this matter on the following claim:

Count One:   Eighth Amendment excessive force claim against Officer Crawford for throwing Plaintiff to the floor and striking him in the face multiple times.

This matter is now before the Court on Defendant's Motion for Summary Judgment (Doc. 35). Along with the motion, Defendant filed a Rule 56 Notice informing Plaintiff of his obligation to file a response to the motion for summary judgment and advising him of the perils of failing to respond (*see* Doc. 37). Plaintiff's response to the motion was due by March 10, 2022. No response, or any other filing, has been received from Plaintiff as of the date of this Order. For

Page **1** of **8**

the reasons set forth below, Defendant's Motion is **GRANTED**.

## Background

At all relevant times alleged in the complaint, Plaintiff was incarcerated at Lawrence Correctional Center ("Lawrence") (Deposition of Jolly Jay Mitchell, Doc. 36-1 at 15). Plaintiff testified that on December 28, 2018, while housed in solitary confinement at Lawrence, he asked Defendant Officer Crawford to be placed on the yard list (*Id.* at 27, 30). Although Plaintiff's testimony is not entirely consistent or clear at times, he indicated Defendant told him he was going to yard, but he placed Plaintiff in the shower area instead (*Id.* at 30-31). At least one other officer was with Defendant at this time (*Id.* at 31). Plaintiff was in handcuffs while he was in the shower (*Id.* at 32-33). Plaintiff demanded to talk to a lieutenant, but Defendant refused (*Id.* at 33). Plaintiff testified he was left in the shower by himself for about an hour (*Id.* at 35-36). Plaintiff believes he talked to mental health staff at some point while he was in the shower (*Id.* at 36).

Plaintiff testified that while he was in the shower, Defendant slammed him to the ground, jumped on his back, and hit him in the side of the face and head (Doc. 36-1 at 37). There were other officers kneeling on Plaintiff at the time (*Id.*). During this incident, Defendant placed a spit or bite mask over Plaintiff's head and face (*Id.* at 40). Plaintiff testified he was telling Defendant to stop during the assault, but Defendant told Plaintiff he was "tired of [his] shit" (*Id.* at 43). Plaintiff believes the officers escorted him to the crisis unit about five to ten minutes after the incident and he was placed on a crisis watch (*Id.* at 37, 41).

Plaintiff testified he never kicked or kneed Defendant, and never assaulted Defendant (Doc. 36-1 at 47).

Plaintiff testified that as a result of the assault he suffers from injuries to his back, shoulder, and neck (Doc. 36-1 at 42). Plaintiff also suffers from migraines as a result of the incident with

Defendant (*Id.* at 44). Plaintiff received physical therapy, "lots of medication," injection shots, and continues to receive medical treatment for his injuries (*Id.*).

As a result of the incident between Plaintiff and Defendant on December 28, 2018, Plaintiff was issued a disciplinary ticket for assault (Doc. 36-1 at 47; Doc. 36-2 at 5-6). The disciplinary ticket indicated that at approximately 8:15 a.m. on December 28, 2018, Defendant was instructed to do a shakedown of Plaintiff's cell because Plaintiff had told the segregation porters there was metal in his cell (Doc. 36-2 at 5). Defendant Crawford and another officer, C/O Clark, placed Plaintiff in mechanical restraints and escorted him to the middle shower (*Id.*). Plaintiff "acted like he was going to spit" and Defendant "utilized a spit mask." (*Id.*). As Defendant was putting the spit mask on Plaintiff, he "became combative and kneed [Defendant Crawford] in the lower abdomen area directly above [Crawford's] genitalia area." (*Id.*). As relayed in the disciplinary report, after Plaintiff kneed Defendant, Plaintiff got on the ground and stated "You aren't putting me down." (*Id.*). Plaintiff asked for a crisis team and Defendant notified mental health (*Id.*). Plaintiff was placed on a fifteen-minute crisis watch (*Id.*).

The Adjustment Committee held a hearing on the relevant disciplinary ticket on January 1, 2019 (*see* Doc. 36-2). Galen Dellinger served as the chairperson, and David Brown was also on the committee (*see id.*). The Adjustment Committee Final Summary Report indicates that Plaintiff pled not guilty at the hearing, and stated, "I didn't knee him. He's on some shit. This ticket is bogus." (*see id.*). The Adjustment Committee found Plaintiff guilty and recommended six months of "C Grade," three months segregation, revocation of six months of good conduct credit, and six months contact visits restriction. *See id.* The Final Summary Report sets forth the following as the basis for its decision:

> Based on ODR stating C/O Crawford was notified by the Zone Lt. to

> conduct a shakedown on SEG AL 19, housed by I/M Mitchell R7421, due to I/M Mitchell telling segregation porters that metal was inside the cell. Based on I/M Mitchell then acted as if he was going to spit on C/O Crawford. Based on C/O Crawford utilized the spit mask and as he was putting the mask on I/M Mitchell, I/M Mitchell became combative and kneed C/O Crawford in the lower abdomen area directly above C/O Crawford's genitalia. Based on C/O Clark witnessed the above incident. Based on incident reports completed by C/O Crawford and C/O Clark. I/M identified by state ID.
>
> Mental Health reviewed inmate's case and summarized in Mental health Summary (competed DOC0443). MHP recommendations were to resume proceeding and to limit segregation time to 90 days. The Adjustment Committee reviewed DOC 0443 and recommended 3 months segregation time.

(*See id.*).

On February 7, 2019, the recommended revocation of six months of good conduct credit was approved by IDOC Director Baldwin (*see* Doc. 36-2 at 10). On March 13, 2019, the Prisoner Review Board reduced the revocation of six months good conduct credit to three months (*see id.*). The Board indicated Plaintiff continued to deny the claims and mental health professionals recommended a reduction of the revocation period to three months (*see id.*).

## Legal Standards

*Summary Judgment*

Summary judgment is appropriate only if the moving party can demonstrate "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322(1986); *see also Ruffin-Thompkins v. Experian Information Solutions, Inc.*, 422 F.3d 603, 607 (7th Cir. 2005). The moving party bears the initial burden of demonstrating the lack of any genuine issue of material fact. *Celotex*, 477 U.S. at 323. Once a properly supported motion for summary judgment is made, the adverse party "must set forth specific facts showing there is a genuine issue

for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986). A genuine issue of material fact exists when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Estate of Simpson v. Gorbett*, 863 F.3d 740, 745 (7th Cir. 2017) (quoting *Anderson*, 477 U.S. at 248). In assessing a summary judgment motion, the district court views the facts in the light most favorable to, and draws all reasonable inferences in favor of, the nonmoving party. *Apex Digital, Inc. v. Sears, Roebuck & Co.*, 735 F.3d 962, 965 (7th Cir. 2013) (citation omitted).

***Eighth Amendment Excessive Force***

The Eighth Amendment's Cruel and Unusual Punishment Clause prohibits the "unnecessary and wanton infliction of pain" on prisoners. *Outlaw v. Newkirk*, 259 F.3d 833, 837 (7th Cir. 2001) (quoting *Hudson v. McMillian*, 503 U.S. 1, 5 (1992)). "In cases involving the claimed use of excessive force, 'the core judicial inquiry' is 'whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm'." *Outlaw*, 259 F.3d at 837 (quoting *Hudson*, 503 U.S. at 7). "In conducting this inquiry, a court must examine a variety of factors, including 'the need for an application of force, the relationship between that need and the force applied, the threat reasonably perceived by the responsible officers, the efforts made to temper the severity of the force employed, and the extent of the injury suffered by the prisoner.'" *Id.* With regard to the last factor, a plaintiff need not demonstrate a significant injury to state a claim for excessive force; however, "a claim ordinarily cannot be predicated on a *de minimis* use of physical force." *DeWalt v. Carter*, 224 F.3d 607, 620 (7th Cir. 2000) (emphasis added) (citing *Hudson*, 503 U.S. at 5).

## Analysis

The Court deems all material facts as presented by Defendant undisputed because Plaintiff

failed to file a response to the pending motion for summary judgment despite being provided ample time and opportunity to do so. In failing to file a response, Plaintiff disregarded a Notice explaining the implications of this decision (Doc. 37). The Court will exercise its discretion pursuant to Rule 56(e) and deem all material facts as undisputed. Further, Local Rule 7.1(c) provides that a party's "[f]ailure to timely file a response to a motion may, in the Court's discretion, be considered an admission of the merits of the motion."

Defendant Crawford asserts he is entitled to summary judgment because Plaintiff is barred from seeking damages under *Heck v. Humphrey*, 512 U.S. 477 (1994). Defendant also asserts he is entitled to qualified immunity.

Under the rule of *Heck*, a civil rights suit cannot be maintained by a prisoner if a judgment in his favor would "necessarily imply" that his conviction was invalid. *Moore v. Mahone*, 652 F.3d 722, 723 (7th Cir. 2011). A prison disciplinary action that results in the revocation of good conduct credits is the equivalent of a conviction or sentence for *Heck* purposes, and claims that necessarily imply the invalidity of the loss of good conduct credits are not cognizable under § 1983 unless and until the prison disciplinary decision has been invalidated. *Edwards v. Balisok*, 520 U.S. 641, 648 (1997); *Moore v. Mahone*, 652 F.3d 722, 723 (7th Cir. 2011).

Defendant asserts Plaintiff's claims in this case are barred by *Heck* because the factual basis that would support a judgment in Plaintiff's favor — that he was not combative and did not assault Crawford — would necessarily call into question the validity of the disciplinary action taken by the Adjustment Committee relative to the disciplinary ticket issued on December 28, 2018. The Court agrees.

Plaintiff was found guilty of assault for kneeing Defendant in the lower abdomen. As the basis for the decision, the Adjustment Committee found that Plaintiff had acted as if he was going

to spit on Defendant, and as Defendant attempted to place a spit mask on Plaintiff, Plaintiff became combative and kneed Defendant. These findings remain valid. In determining whether *Heck* bars Plaintiff's excessive force claim, the undersigned "must consider the factual basis of the claim and determine whether it necessarily implies the invalidity of [the plaintiff's] conviction. *Helman v. Duhaime*, 742 F.3d 760, 762 (7th Cir. 2014). While an excessive force claim is not *necessarily* inconsistent with a conviction or disciplinary finding that the plaintiff resisted arrest or also used force, *see Gilbert v. Cook*, 512 F.3d 899, 901 (7th Cir. 2008) ("*Heck* and *Edwards* do not affect litigation about what happens after the [infraction] is completed."), a § 1983 plaintiff may not espouse a version of events that is inconsistent with a criminal conviction or disciplinary finding that has not been invalidated. *Green v. Ibarra*, Case No. 16-C-8240, 2018 WL 894567, at *4 (N.D. Ill. Feb. 13, 2018) (citing *Tolliver v. City of Chicago*, 820 F.3d 237, 244 (7th Cir. 2016) ("If Tolliver had conceded that he voluntarily and intentionally or knowingly drove towards the officers, or [] had even remained agnostic on who struck the first blow," *Heck* would not bar his excessive force claim); *Moore v. Mahone*, 652 F.3d 722, 723-24 (7th Cir. 2011) (the plaintiff need not "confess" to any misconduct and may "remain 'agnostic' in his civil case about the findings in the criminal [] proceeding," but *Heck* bars claims that "necessarily imply" invalidity of conviction)).

In this instance, Plaintiff explicitly denied engaging in any conduct to provoke any response from Defendant. Indeed, Plaintiff's deposition testimony does not remain even "agnostic" as to the findings by the Adjustment Committee that he became combative and kneed Defendant. Plaintiff's version of events depicts himself as a blameless victim abused at the hands of Defendant for no reason whatsoever. Thus, Plaintiff's version of events is irreconcilably inconsistent with the findings made by the Adjustment Committee that served as the basis for its

decision.  Accordingly, *Heck* bars Plaintiff's claim of excessive force.

Defendant also argues he is entitled to qualified immunity.  Most of Defendant's argument on this issue, however, relies on *Foerderer v. Mathias*, 848 F. App'x 667 (7th Cir. 2021), which does not address qualified immunity.  Indeed, *Foerderer* is another case that considers the application of *Heck*.  In light of the Court's decision to grant summary judgment on the excessive force claim based on *Heck*, and due to Defendant's failure to set forth a cognizable argument regarding qualified immunity, the Court declines to address the same.

## Conclusion

Based on the foregoing, the Motion for Summary Judgment filed by Defendant (Doc. 35) is **GRANTED**.  Plaintiff's claim of excessive force against Defendant Crawford is **DISMISSED WITHOUT PREJUDICE**.  *See Haywood v. Hathaway*, 842 F.3d 1026, 1028 (7th Cir. 2016) ("A dismissal under *Heck* and *Edwards* is without prejudice to litigation after a conviction or disciplinary sanction is annulled.").  The Clerk of Court is directed to enter judgment accordingly.

**IT IS SO ORDERED.**

**DATED: June 22, 2022**

*s/  Reona J. Daly*
**Hon. Reona J. Daly**
**United States Magistrate Judge**